IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Criminal No. 23-759 WJ

JORDIAN PACHECO,

    Defendant.

### DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, JORDIAN PACHECO, by and through his attorney, Todd B. Hotchkiss, hereby submits his sentencing memorandum.

### SUMMARY OF PROCEEDINGS

**Defendant's Plea Agreement**

On August 23, 2024, Mr. Pacheco pleaded guilty via a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to Count 1 of the two-count Indictment which charged sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 2246(2)(A), and 1153 in exchange for a sentence of 63-78 months. (Docs.70 at 3, ¶¶2-3).

Mr. Pacheco accepted responsibility for the offense of conviction. (Doc.70 at 3, ¶3; Doc.66 at 4, ¶10)   This is a Rule 11(c)(1)(C) plea agreement to 63-78 months (Doc.70 at 3, ¶3), and the Court is required to consider the USSG calculations (Doc.66 at 3, ¶5).

1

Mr. Pacheco waived his right to appeal his convictions in this case and "any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court" and "any collateral attack" under 28 U.S.C. § 2255 "except on the issue of counsel's ineffective assistance." (Doc.66 at 9, ¶¶23-26)

## MR. PACHECO'S BACKGROUND

Mr. Pacheco was born in 1991, and is now 33 years of age. (Doc.70 at 2, 12, ¶56) Mr. Pacheco's father committed suicide prior to his birth. (Doc.70 at 12, ¶56) Mr. Pacheco grew up in Santo Domingo Pueblo. (Doc.70 at 12, ¶57) Mr. Pacheco recalled "getting bullied because of his cleft palate" at school and home including by his older brother, E.P. (Doc.70 at 11, ¶49; at 12, ¶57) Mr. Pacheco reported that growing up without his father "was difficult". (Doc.70 at 12, ¶57) At age 13 Mr. Pacheco's "relationship with his family hit a 'rough patch'" due to arguments and being pushed around by an older brother. (Doc.70 at 12, ¶57) Mr. Pacheco's mother is the "most significant person in his life". (Doc.70 at 12, ¶57)

Mr. Pacheco was "sexually abused by one of his uncles as a child" when he was 8-years-old for approximately 1 year in which the uncle touched Mr. Pacheco and forced Mr. Pacheco to touch and have sex with his uncle's younger sister , which "haunted him for years." (Doc.70 at 12, ¶58) Mr. Pacheco never told anyone about this abuse, but while he was released pretrial he "began talking about the abuse and discussing it

2

during counseling sessions" and believes he needs more counseling to address the abuse he suffered. (Doc.70 at 12-13, ¶58)   Mr. Pacheco has lived his entire life at the Santo Domingo Pueblo, except for two brief periods of time during which he lived in Albuquerque, New Mexico. (Doc.70 at 13, ¶59)   When released from custody Mr. Pacheco wants to "work, support his family, and support his mother" and "go back to school and complete a welding program." (Doc.70 at 13, ¶60)   Mr. Pacheco's mother indicated that Mr. Pacheco had difficulty without a father, had trouble with his speech, and "felt judged and bullied". (Doc.70 at 13, ¶61)   Mr. Pacheco's mother "recalled the defendant telling her that he just needed someone to love him." (Doc.70 at 13, ¶61)

    Mr. Pacheco has never been married and was in prior relationships with Kadeisha Suina and Kimberly Moquino and he has a 13-year-old daughter with the former and an 8-year-old daughter name Cheyenne Ventura Moquino. (Doc.70 at 13-14, ¶63)   Mr. Pacheco explained that when Cheyenne was born her grandparents did not authorize Mr. Pacheco to be a part of her life(Doc.70 at 14, ¶63)

    Mr. Pacheco had surgery on the cleft palate when he was four months old to try to repair the cleft palate for which he was bullied in life. (Doc.70 at 14, ¶64)   Mr. Pacheco "overdosed after ingesting a whole bottle of ibuprofen in 2009" and "suffered alcohol poisoning in approximately 2010". (Doc.70 at 14, ¶¶65,66)   Mr. Pacheco "has asthma and carries a rescue inhaler with him." (Doc.70 at 14, ¶67)

    Regarding his mental health, in 2009 Mr. Pacheco was hospitalized in Santa Fe,

3

New Mexico "after cutting himself in an attempted suicide" and engaged in counseling for 8-9 months thereafter. (Doc.70 at 15, ¶69)   Mr. Pacheco has had suicidal thoughts and ideations which he never followed through on, the last time which was in 2012. (Doc.70 at 15, ¶69)   While on pretrial release he attended counseling at A New Awakening in which he "made positive progress" and was successfully discharged. (Doc.70 at 4, ¶11; at 15, ¶70)

    Mr. Pacheco had his first voluntary sexual experience at age 19, and had 3 sexual partners in his life. (Doc.70 at 15, ¶72)   He viewed pornography online after he broke up with his partners, and always viewed it alone. (Doc.70 at 15, ¶72)   Regarding the sexual abuse he suffered as a boy from his uncle, "the defendant 'drifted off to a whole different universe' and thought to himself 'what is happening?'", did not know what to say and "distanced himself from people". (Doc.70 at 15, ¶73)   Experiences in high school caused confusion for him and he "want[ed] to be alone." (Doc.70 at 16, ¶73)

    Mr. Pacheco first drank alcohol as a sophomore in high school and drank more in his senior year of high school, led to him being transferred from Santa Fe Indian School to Bernalillo High School, and drank more at Bernalillo High School leading to his alcohol poisoning in 2010 after which he quit drinking. (Doc.70 at 16, ¶74)   Mr. Pacheco consumed marijuana when he was freshman but did not smoke often, first used cocaine in his senior year of high school, resumed using in 2021 on weekends until stopping in 2021, and "realizes now how his substance abuse has impacted his life." (Doc.70 at 16,

4

¶¶75-77)   Mr. Pacheco "participated in substance abuse counseling in 2021". (Doc.70 at 16, ¶78)   Mr. Pacheco "believes it is important for him to remain sober". (Doc.70 at 17, ¶80)

Mr. Pacheco graduated from Bernalillo High School in 2009, and attended New Mexico Community College beginning in 2013-2014. (Doc.70 at 17, ¶82)   While in custody at Cibola County Correctional Center, Mr. Pacheco participated in a Promising People program and receive a certificate for an electrician's helper. (Doc.70 at 17, ¶83) Mr. Pacheco has experience working at two different Masonries, at a casino hotel as a housekeeper, and at a laundromat. (Doc.70 at 18, ¶¶84-88)

Based on Mr. Pacheco's financial conditions, "it does not appear the defendant has the ability to pay a fine." (Doc.70 at 19, ¶93)

## SENTENCING ARGUMENT

### 3553 Factors and Analysis

Mr. Pacheco requests this Court to accept the plea agreement and sentence him within the range to 63 months in prison, no fine, a 5-year term of supervised release, and a $100.00 special penalty assessment.   While an order of restitution must be entered, "no restitution has been requested." (Doc.70 at 21, ¶106)

This Court must consider the factors under 18 U.S.C. § 3553(a) to render a sentence for Mr. Pacheco.   Under 18 U.S.C. § 3553(a), this "court shall impose a **sentence sufficient, but not greater than necessary**, to comply with the purposes set forth in

5

paragraph (2)". (Bold emphasis added)   There are 7 factors this Court must consider "in determining the particular sentence".

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>    (2) the need for the sentence imposed –
>        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>        (B) to afford adequate deterrence to criminal conduct;
>        (C) to protect the public from further crimes of the defendant; and
>        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>     (3) the kinds of sentences available;
>     (4) the kinds of sentence and the sentencing range established for –
>            (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>                (i) issued by the Sentencing Commission . . .; and
>                (ii) that, except as provided in section 3742(g),
>
>    (5) any pertinent policy statement –
>        (A) issued by the Sentencing Commission ...; and
>        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>     (6) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct; and
>     (7) the need to provide restitution to any victims of the offense.

The first 3553(a) factor is the "nature and circumstances of the offense", which are known to the Court.   On January 10, 2021, Mr. Pacheco was arrested for criminal

trespass and made audio recorded and a written post-arrest, incriminating statements regarding Count 1. (Doc.70 at 5, ¶¶17-18)   Mr. Pacheco pleaded guilty to one count of sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 2246(2)(A), and 1153. (Doc.70 at 3, ¶2)   Mr. Pacheco has been in custody for 21 months and 8 days as of November 25, 2024. (Doc.70 at 1)

Defense counsel eventually prepared and filed a motion to suppress and a memorandum in support (Docs.57,58), which led the United States to make the plea offer which Mr. Pacheco accepted.

The second 3553(a) factor is the "need for the sentence imposed", and there are four conjunctive sub-factors.

Regarding the "need ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[s]", a number of considerations are present.   The offense is serious: Mr. Pacheco committed sexual abuse of a minor.   Mr. Pacheco showed respect for the law by pleading guilty to the Count 1 of the indictment.   Mr. Pacheco showed respect for the law by providing incriminating statements regarding Count 1 on January 10, 2021.

Regarding the "need ... to afford adequate deterrence to criminal conduct", again a balancing of facts exists.   Mr. Pacheco had 1 prior case for which he received no criminal history points.   Mr. Pacheco pleaded guilty to one serious crime in this case. There is a need to deter criminal conduct, and that need is satisfied by the proposed

sentence and conditions of supervised release.   Mr. Pacheco has endured significant traumas.   With supervision to gain counseling assistance for among other things important decision-making moving forward, Mr. Pacheco has great potential to not commit any further crimes.

Regarding the "need ... to protect the public from further crimes of the defendant", Mr. Pacheco has no criminal history points before this case.   He is in USSG criminal history category I. (Doc.70 at 11, ¶¶48-51)   Counsel has been representing Mr. Pacheco since February 1, 2024. (Doc.52)   Undersigned counsel has not had a single problem with Mr. Pacheco.

Regarding the "need ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", Mr. Pacheco is in need of vocational training to help provide Mr. Pacheco with some skills to increase his ability to be employed.   Regarding medical care, Mr. Pacheco has mental health issues and concerns. (Doc.70 at 15, ¶¶69-70)

The third 3553(a) factor is "the kinds of sentences available".   Mr. Pacheco was statutorily eligible for probation (Doc.70 at 20, ¶99), which is barred by the plea agreement.   The statutory range for Mr. Pacheco is 0-15 years. (Doc.70 at 19, ¶94) Under the USSG according to the PSR, Mr. Pacheco would have been in criminal history category I, offense level 26, and faced a USSG sentencing range of 63-78 months. (Doc.70 at 19, ¶95)   Mr. Pacheco faces 5 years to life of supervised release. (Doc.70 at 20, ¶¶97-

8

98)   The Rule 11(c)(1)(C) plea agreement requires a sentence of 63-78 months in prison.

The fourth 3553(a) factor is "the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission ...' and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced."  The Rule 11(c)(1)(C) plea agreement requires a sentence of 63-78 months in prison.  Under the PSR, Mr. Pacheco faced a USSG sentencing range of 63-78 months in prison if he was convicted of Count 1. (Doc.70 at 19, ¶95)

The fifth 3553(a) factor is "any pertinent policy statement (A) issued by the Sentencing Commission ...; (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced."    None appear relevant.

The sixth 3553(a) factor is "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct."  The Rule 11(c)(1)(C) plea agreement requires a sentence of 63-78 months in prison.   Mr. Pacheco faced a USSG sentencing range of 63-78 months in prison if he was convicted of Count 1. (Doc.70 at 19, ¶95)   Counsel had filed a motion to suppress and memorandum in support (Docs.57,58), which led the government to extend the plea offer which he accepted.   Plus, Mr. Pacheco was compliant at the scenes and provided incriminating statements about himself while seized and arrested.

9

Additionally, the PSR asserted "a sentence within the advisory guideline range may be warranted in this case." (Doc.70 at 23, ¶112)   Also, the PSR reported from the U.S. Sentencing Commission's JSIM database that during the last 5 years 4 defendants were similarly situated to Mr. Pacheco and "the average length of imprisonment imposed was 67 month(s) and the median length imprisonment imposed was 71 month(s)."

The seventh 18 U.S.C. § 3553(a) factor is "the need to provide restitution to any victims of the offense."   Restitution is applicable, but "no restitution has been requested. (Doc.70 at 21, ¶¶106-107)   Mr. Pacheco also objects to any fine as he is indigent and has had court appointed counsel.   Mr. Pacheco also objects to the assessment of an amount of $5,000.00 for any non-indigent person in Doc.70 at 20, ¶103 because Mr. Pacheco was unable to afford an attorney and cannot afford to pay a fine, and is thereby indigent.

Under 18 U.S.C. § 3553(c)(2), this Court, applying the 3553(a) factors, should accept the Rule 11(c)(1)(C) plea agreement and sentence Mr. Pacheco to 63 months in prison. (Doc.60 at 5, ¶11.a.)   Mr. Pacheco had a difficult childhood including not having a living father and dealing with a father who committed suicide, had a cleft palate which led to him being bullied at school and home, suffered sexual abuse forced on him, graduated from high school, has a multi-year work history, has mental health issues which he has already begun to address, and made incriminating statements about Cout 1.   Such mitigating circumstances support a sentence of 63 months.

## CONCLUSION

The factors and aspects in the USSG and 18 U.S.C. § 3553(a) support sentencing Mr. Pacheco to 63 months in prison, a term of supervised release of 5 years, no restitution, no special penalty assessment above $100, and no fine is a sufficient sentence, but not greater than necessary, as it promotes respect for the law and provides just punishment, affords adequate deterrence to criminal conduct and protects the public from further crimes of the defendant, and is reasonable in this case.

Mr. Pacheco does not object to any of the proposed standard and special conditions in Attachment A to the Presentence Report.

>Respectfully submitted,
> /s/ *Todd B. Hotchkiss*
>TODD B. HOTCHKISS
> Attorney for JORDIAN PACHECO
>610 Gold Avenue S.W., Suite 228
>Albuquerque, New Mexico   87105
>Tele. (505) 243-6776
> E-mail: Todd@toddhotchkisslaw.com

## CERTIFICATE OF SERVICE

I, Todd B. Hotchkiss, hereby certify that on November 14, 2024 I electronically filed the foregoing document through the CM/ECF system and will serve with a true and accurate copy upon Caitlin L. Dillon, Assistant United States Attorney.
 /S/ *Todd B. Hotchkiss*
TODD B. HOTCHKISS