IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:23-00759 WPJ |
| | ) | |
| **JORDIAN PACHECO**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States requests that this Court accept Defendant's guilty plea and the agreement of the parties pursuant to Rule 11(c)(1)(C) and impose 78 months of incarceration, the high-end of the guidelines range, followed by a lifetime term of supervised release. This is a proper sentence after consideration of the relevant sentencing factors under 18 U.S.C. § 3553.

## I.    PROCEDURAL BACKGROUND

On May 24, 2024, Defendant was indicted on two counts: Sexual Abuse of a Minor, in violation of 18 U.S.C. § § 1153, 2243(a) and 2246(2)(A), and Receipt of Child Pornography, in violation of 18 U.S.C. § § 2252A(a)(2), 2252A(b)(1), and 2256. Defendant pleaded guilty to one count of Sexual Abuse of a Minor, in violation of 18 U.S.C. § § 1153, 2243(a) and 2246(2)(A) on August 23, 2024. Pursuant to a Rule 11(c)(1)(C) guilty plea, the parties agreed to a sentencing range of 63-78 months, the applicable guideline range as calculated by the PSR. (Doc. 70, ¶ 111.)

There are no formal objections to the PSR authored by United States Probation Officer Robert C. Sanchez. There was one minor informal objection resolved by the parties. The United States will not present additional evidence in the form of exhibits or witnesses at sentencing. The

United States has complied with the provisions of 18 U.S.C. § 3771(a)(5) during the pendency of this case. The total offense level is 26. PSR ¶ 39. The Defendant has a criminal history category of I. PSR ¶ 51. The guideline range is 63-78 months. PSR ¶ 111. The Rule 11(c)(1)(C) agreement to 63-78 months represents an agreement by the parties to the applicable guidelines range. The statutory requirement for supervised release is five years to life. PSR ¶ 97-98.

## II.    FACTS

Defendant has a frightening habit of ingratiating himself with minors online, asking for photographs, and trying to meet up with minors at local high school sporting events. His preferred username is "youngduke12," "Little Felon," or "Scott Little Felon." The minors that interacted with him described him as a "friend," and someone who was "kind and nice." The minors were shocked when they were informed by law enforcement that Defendant was 29 years old. PSR ¶ 41-47. In the instant case, Defendant developed a bond with a vulnerable and unsuspecting Jane Doe via TikTok and email, and then coerced her to invite him into her home while her mom was away. He climbed into the house through the window, lied to Jane Doe about his age, and sexually assaulted Jane Doe in her bedroom.

Defendant was discovered hiding in the closet by Jane Doe's little sister. Jane Doe's mom called police because a stranger was in her daughter's bedroom. Defendant was arrested by Navajo Nation Police for trespassing. Law enforcement identified him by running the information from the car he left across the street. Defendant confessed during an interrogation to texting Jane Doe about kissing her and admitted to talking about sex over the phone. He eventually admitted to sexually assaulting Jane Doe while her mom wasn't home. He didn't tell her that he was 29 years

old and felt "remorseful" for his actions. Subsequent investigation revealed that Defendant had coerced Jane Doe to send him photographs. PSR ¶ 13, 17, 19-20.

### III.    ARGUMENT

One of the factors a court must consider during sentencing is the guideline range. *See* § 3553(a)(4). "Congress established the sentencing guidelines to provide objective benchmarks for the selection of an appropriate sentence." *United States v. Walker*, 844 F.3d 1253, 1258 (10th Cir. 2017). "Analysis of a proper sentence must start from the correctly calculated guideline range." *United States v. Jim*, 804 F. App'x 895, 897 (10th Cir. 2020). "If the sentence imposed is within the properly calculated Guidelines range, [the Court] may apply a presumption of reasonableness to the sentence." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010).

While there is a Rule 11(c)(1)(C) agreement between the parties in this case, the agreement mirrors the guidelines range of 63-78 months as calculated by the PSR. Therefore, this sentence is presumed reasonable. This agreement also reflects an acknowledgement of Defendant's conduct towards Jane Doe and others, weighted against potential evidentiary issues identified in Defendant's suppression motion. (Doc. 57, 58.) This agreement also recognizes how difficult it would be for Jane Doe to testify. She struggled to view Defendant as a perpetrator of abuse; she believed he was sixteen and that the encounter was consensual because the Defendant continually lied to her about his age. PSR ¶ 19, 20, 21.

In addition to the sentencing guidelines, the Court must consider all other factors set forth in 18 U.S.C. § 3553(a) in determining a sentence to achieve the statutory purposes of federal sentencing. *See United States v. Booker*, 543 U.S. 220 (2005). "[T]he court need not rely on every single factor—no algorithm exists that instructs the district judge how to combine the factors or

3

what weight to put on each one." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018). The analysis "is aimed at distinguishing among defendants who commit a particular offense or type of offense." *United States v. Irey*, 612 F.3d 1160, 1202 (11th Cir. 2010).

The nature and circumstances of Defendant's conduct are indeed alarming; he preyed on a minor online, talked his way into her house, and sexually assaulted her in her bedroom. The investigation also revealed that Defendant was speaking with multiple minors and solicited photographs through various social media accounts. While on pretrial release, Defendant possessed a phone with a search history that included a search for a local high school. PSR ¶ 11. Defendant preyed on multiple minors and earned the application of the five-point enhancement under U.S.S.G. § 4B1.5(b)(1) for being a repeat and dangerous sex offender against minors. PSR ¶ 36.

Defendant has a single tribal conviction for Disorderly Conduct and Assault. He reported to law enforcement that he was a member of the West Side 18ᵗʰ street gang, however, this information was not investigated further by law enforcement. Defendant experienced several adverse childhood experiences, including the death of a parent by suicide and sexual abuse perpetrated by an uncle. Defendant was also bullied due to his cleft palate, and experiencing anxiety, depression, and suicidal ideation. PSR ¶ 111. Defendant has support from his mother and has ambitions for his future. PSR ¶ 60-61.

When imposing a sentence, a district court must consider both specific and general deterrence, that is, "the need to deter the defendant and others." *United States v. Walker*, 844 F.3d 1253, 1257 (10th Cir. 2017). Courts have repeatedly recognized that these crimes "severely affect vulnerable child victims intellectually, emotionally, and physically throughout their lives." *United*

*States v. Burtrum*, 21 F.4th 680, 688 (10th Cir. 2021). A sentence of 78 months punishes the Defendant for his actions, protects the public from future crimes by the Defendant, and deters the Defendant from committing further crimes.

Given the Defendant's actions, in addition to the personal characteristics he displayed while on pretrial release, he should be supervised during his lifetime. A term of supervised release for life is reasonable and appropriate in this case to protect other children from further victimization both online and in-person. Defendant was not deterred while on pre-trial release and was in possession of cell phone with multiple pornographic sites in the search history, as well as a search for a local high school. PSR ¶ 11.

The Defendant has some substance abuse issues, based on prior hospitalization. He also has mental health issues attributed to underlying trauma and adverse childhood experiences. He will need to address the underlying behaviors that led him to commit this crime against Jane Doe. Lifetime supervised release protects Jane Doe and the public once the Defendant is released and ensures compliance with rehabilitative efforts offered to him. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Supervised release is not a punishment in lieu of incarceration. *See United States v. Granderson*, 511 U.S. 39, 50 (1994). Supervised release is not the punitive equivalent of being in prison. *See Irey*, 612 F.3d 1160, 1210. The lifetime term of supervised release recommended in Section 5D1.2(b) reflects evidence that recidivism rates for sex offenders do not appreciably decline as offenders age. *See* H.R. Rep. No. 107-527, at 2 (2002) (discussing the merits of a life

term of supervised release for sexual offenders); *see also supra* (discussing defendants over the age of 60 who have committed similar federal child exploitation crimes).

In these types of cases, Congress found lifetime supervised release to be appropriate, and inserted lifetime supervised release recommendation into the Guidelines. *See id*. The passage of 18 U.S.C. § 3583(k) also codified concerns shared by federal judges and prosecutors about the inadequacy of the existing supervision periods for sex offenders whose criminal conduct may reflect sexual disorders that are not likely to disappear within a few years of release from prison. Many of these offenders need long-term or lifetime monitoring and oversight. *See* H.R. Conf. Rep. No. 108-66, at 49-50 (2003), *reprinted in* 2003 U.S.C.C.A.N. 683, 684. Therefore, a term of supervised release for life is necessary to achieve rehabilitative ends and to protect the community.

## CONCLUSION AND REQUEST FOR RELIEF

The United States respectfully requests that this Court accept Defendant's guilty plea and sentence him to 78 months in the Bureau of Prisons for sexually assaulting Jane Doe. The United States further requests that the Court impose a lifetime term of supervised release with the conditions contained in Attachment A of the PSR.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

Filed Electronically on 11/14/24
Caitlin L. Dillon
Assistant United States Attorney
201 3rd St. N.W. Ste. 900
Albuquerque, NM 87102
(505) 346-7274

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send notification to counsel of record.

*Filed Electronically on 11/14/24*
Caitlin L. Dillon
Assistant United States Attorney